IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JANET WAGNER**,<br><br>      Plaintiff,<br>v.<br><br>**POMEROY IT SOLUTIONS, INC.**, a Delaware corporation,<br><br>      Defendant. | Civil Action<br><br><br><br>No.<br><br><br><br>JURY DEMAND |

## COMPLAINT

By and through her attorneys of record the plaintiff, **JANET WAGNER** (the "Plaintiff" or "Wagner"), complains of the defendant, **POMEROY IT SOLUTIONS, INC.**, (the "Defendant" or "Pomeroy"), a Delaware corporation. Pleading hypothetically and in the alternative, the Plaintiff alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for damages and injunctive relief sought by the Plaintiff to redress the deprivation of, and interference with, the Plaintiff's rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").

2. In Count I, the Plaintiff alleges that the Defendant interfered with her rights under the FMLA; in Count II, the Plaintiff alleges that the Defendants retaliated against her for exercising her rights under the FMLA.

### II. THE PARTIES

3. The Plaintiff, Janet Wagner, is a United States citizen and resident of Lake County, Indiana.

4. Wagner was employed by the Defendant from November, 1989 until her termination on May 15, 2013.

5. Wagner was an "eligible employee" as defined by the FMLA, in that she worked for Defendant at least 1250 hours during the twelve months prior to her termination.

6. The Defendant, Pomeroy IT Solutions, Inc., is a Delaware corporation doing business in Illinois, with its headquarters at 1020 Petersburg Road, Hebron, Kentucky.

7. According to its website, Pomeroy is an information technology ("IT") solutions company that employs over 2,000 people at twenty-three locations.

8. At all times relevant to this action, Wagner was a technician manager who managed a team of ten IT technicians in Illinois and Indiana.

9. At all times relevant to this action, Pomeroy conducted business in, and could be found in, the Northern District of Illinois.

10. Specifically, Wagner, as an employee of Pomeroy, had approximately 200 business accounts in the Northern District of Illinois, in the Chicagoland area; and Wagner had approximately 100 business accounts in Northwest Indiana.

11. At all times relevant to this action, Pomeroy had at least fifty employees within a seventy-five mile radius of Plaintiff's home office in Merrillville, Indiana.

### III. JURISDICTION AND VENUE

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617

13. The unlawful employment practices described herein were committed within the State of Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §1391(b).

## IV. **ALLEGATIONS GIVING RISE TO CAUSES OF ACTION**

14. Wagner was hired by Pomeroy's corporate predecessor in 1989, as worked for Pomeroy as a full-time, salaried IT solutions manager.

15. Throughout her employment with Pomeroy and its predecessor, Wagner was an exemplary employee, receiving no disciplinary action during her entire tenure.

16. In April, 2013, Plaintiff's 84-year-old mother broke her leg.

17. Wagner made Pomeroy aware of the broken leg by telling her supervisor, Brandon Rayls, of the fracture and by taking several days of vacation to transport her injured mother from Texas to Indiana.

18. As a result of her broken leg, Wagner's mother was no longer able to take Wagner's 94-year-old father to his dialysis appointments three times a week.

19. On May 7, 2013, Wagner's mother was diagnosed with pneumonia.

20. That same day, May 7, 2013, Wagner called her direct supervisor, Brandon Rayls, to inform him that, due to her parents' medical conditions, she would require leave from work to assist them.

21. On May 15, 2013, eight days after she requested leave to care for her parents, Wagner received a call from Brandon Rayls informing her that her position had been eliminated and that her job was terminated, effective immediately.

22. Several days after getting the termination call, Wagner called Susan Hughes, a Pomeroy human resource employee, to ask why she had not been allowed to take FMLA leave; Hughes did not respond to the question.

23. During the same call to Hughes, Wagner asked Hughes whether she was only person fired. Hughes answered, "Yes."

24. Defendant knew or should have known that Wagner's parents were suffering from serious medical conditions, namely, renal failure, a broken leg and pneumonia.

25. Defendant failed to notify Wagner of her eligibility to take FMLA leave within five business days of Wagner informing Defendant of her desire to take leave, or within five business days of Defendant knowing or having reason to know that Wagner's parents suffered from a condition or conditions that would require Wagner to take leave.

26. At no time did Defendant notify Wagner of any specific expectations and/or obligations in order to obtain FMLA.

27. At no time did Defendant explain to Wagner the consequences of failing to meet any such expectations and/or obligations.

28. Defendant gave Wagner no warning prior to firing her.

29. Defendant's actions and omissions described herein constitute willful violations of the FMLA.

## COUNT I
### (FMLA Interference)

30. The Plaintiff re-alleges the foregoing paragraphs.

31. The claims set forth in this complaint arise from the Defendant's violations of the FMLA, 29 U.S.C. §2601, *et seq*.

32. Wagner's parents each suffered from a "serious health condition" as defined by the FMLA, 29 U.S.C. §2611(11).

33. Wagner was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. §2611(2)(A).

34. Wagner was entitled to take leave pursuant to the FMLA, for both her father's renal failure and her mother's broken leg and pneumonia.

35. The Defendant failed to properly notify Wagner of her rights under the FMLA, and improperly failed to grant FMLA leave to Wagner, even though she qualified for such leave.

36. As a direct and proximate result of the Defendant's illegal interference with Wagner's rights under the FMLA, Wagner was damaged in that, among other things, she was denied the leave to which she was entitled, and she lost her job, wages and benefits.

37. The Defendant's interference with Wagner's rights, as described above, constitutes a violation of the FMLA.

38. Wagner is entitled to an award of damages in order to redress the Defendant's interference with her FMLA rights.

### COUNT II
### (FMLA Retaliation)

39. The Plaintiff re-alleges the foregoing paragraphs.

40. Wagner engaged in statutorily protected activity when she requested FMLA leave as described above.

41. At the time that Wagner requested FMLA leave, and prior thereto, Wagner had met, and was meeting, her employers' legitimate expectations.

42. Eight days after Wagner requested FMLA leave to care for her parents, Wagner suffered adverse employment action: the termination of her employment.

43. Wagner was treated less favorably than similarly situated employees who did not apply for FMLA leave.

44. The Defendant terminated Wagner's employment in retaliation for Wagner having requested FMLA leave.

45. As a direct and proximate result of the Defendant's retaliation, Wagner was damaged in that, among other things, she lost her job, wages and benefits.

46. The Defendant's retaliation, as described above, constitutes a violation of the FMLA.

47. Wagner is entitled to an award of damages in order to redress the Defendant's violation of the FMLA.

## V. PRAYER FOR RELIEF

WHEREFORE the Plaintiff prays for judgment in her favor and against the Defendant, and for the following relief:

A. A declaration that the Defendant's actions described herein constitute violations of the FMLA;

B. A permanent injunction that retrains such violations of the FMLA in the future;

C. Back pay, lost benefits and front pay in lieu of reinstatement;

D. Liquidated damages in an additional amount equal to the sum of the Plaintiff's actual damages pursuant to 29 U.S.C. § 2617(a)(1)(A), plus interest;

E. Attorneys' fees plus costs of suit;

F. Compensatory, consequential and punitive damages; and

G. Such further and additional relief, including equitable damages, as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff demands trial by jury of all issues set forth herein that are capable of being tried by a jury.

Respectfully submitted,

 /s/Paul Luka
One of the Plaintiff's Attorneys


Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825
pluka@amatorelaw.com